**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**MERINDA WILSON,** *Individually, and on behalf of herself and all other similarly situated current and former employees*,

Plaintiff,

v.

**WAFFLE HOUSE, INC.,**
*a Georgia Corporation,*

Defendant.

CASE NO. 3:20cv049-GHD-RP

FLSA Opt-in Collective Action
**JURY DEMANDED**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Merinda Wilson, individually, ("Plaintiff"), on behalf of herself and other similarly situated current and former tipped employees (servers) of Defendant, brings this collective action against Waffle House, Inc. ("Defendant") and, alleges as follows:

**I.
INTRODUCTION**

This lawsuit is brought against Defendant as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages and overtime compensation and other damages owed to Plaintiff and other similarly situated current and former tipped employees (servers) of Defendant, who are members of a class as defined herein.

1

## II.
## JURISDICTION AND VENUE

1. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by and, performed work for, Defendant in this district at all times relevant to this action, Defendant regularly has conducted and continues to conduct business in this district and, has engaged and continues to engage in wrongful conduct alleged herein in this district, during all times material to this action.

## III.
## CLASS DESCRIPTION

3. Plaintiff brings this action on behalf of herself and the following similarly situated persons: All current and former hourly-paid tipped employees who have been employed by and worked as servers at any of Defendant's Waffle House restaurants in the United States at any time during the applicable statutory limitations' period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").[1]

---

[1] Plaintiff reserves the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

## IV.
## PARTIES

4. Defendant, Waffle House, Inc., is a Georgia Corporation with its principal offices located at 5986 Financial Drive, Norcross, Georgia 30071. It owns and operates Waffle House restaurants in Mississippi and throughout the United States. According to the Georgia Secretary of State, Defendant may be served via its Registered Agent Gregory J. Newman at 5986 Financial Drive, Norcross, Georgia, 30071.

5. Plaintiff Merinda Wilson has been employed by Defendant as a server within this district during the applicable statutory limitations' period of this collective action. Plaintiff Wilson's Consent to Join this collective action as a Named Representative Plaintiff is attached hereto as *Exhibit A*.

## V.
## ALLEGATIONS

6. Defendant has employed hourly-paid tipped servers at its Waffle House restaurants, including Plaintiff and those similarly situated, during all times material to this action.

7. Specifically, Plaintiff has been employed by Defendant as a tipped employee and has worked as a server at three of Defendant's Waffle House restaurants located within this district during all times material to this action.

8. During all times material, Defendant compensated Plaintiff and other similarly situated servers under a tip-credit compensation plan, supposedly consisting of paying such servers only a sub-minimum wage hourly rate of pay and then crediting tips received by such servers during their shifts which, when added to the sub-minimum wage pay, would amount to at least the FLSA required hourly rate of pay of at least $7.25.

3

9. However, Defendant failed to comply and adhere to such plan and, instead, had a common practice of failing to compensate Plaintiff and class members the difference between their sub-minimum wages and $7.25 per hour, as required by the FLSA.

10. Defendant merely assumed Plaintiff and similarly situated servers earned enough tips each shift to amount to the difference between the sub-minimum wage amount they received and $7.25 per hour and, accordingly, entered such tipped amount into its payroll system as though they were received by such servers.

11. However, there were numerous shifts within weekly pay periods of the applicable statutory limitations' period in which Plaintiff and similarly situated servers earned far less than the difference between the sub-minimum wage pay they received and the FLSA required hourly rate of pay of at least $7.25 per hour. That is to say, they earned less than the required minimum wage of $7.25 per hour and any applicable overtime compensation within such weekly pay periods, as required by the FLSA.

12. As a result, not only did Plaintiff and similarly situated servers frequently earn far less than the FLSA required $7.25 hourly rate of pay, they were obliged to pay taxes on tips they did not receive.

13. The U.S. Department of Labor's Fact Sheet #15 provides "the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13).

14. According to the regulation promulgated by the U.S. Department of Labor, "tips are the property of the employee whether or not the employer has taken a tip credit under section (3) of the FLSA." 29 C.F.R. § 531.52.

15. In addition, Plaintiff and class members performed job duties in excess of forty (40) hours per week within weekly pay periods during all times material.

16. However, Defendant had a common plan and practice of failing to compensate Plaintiff and class members the applicable FLSA overtime rate of pay for all hours over forty (40) per week and, accordingly, failed to compensate Plaintiff and class members for the hours they performed work in excess of forty (40) per week at one and one-half times their regular rates of pay within weekly pay periods at all times material to the Collective Action

17. Moreover, there are strict requirements under the FLSA for an employer to be eligible to administer a tip credit compensation plan, as Defendant had in theory only.

18. Under 29 U.S.C. § 203(m), an employer utilizing such a tip credit compensation plan must inform its tipped employees in advance of its intention to use such plan pursuant to aforementioned 203(m) section of the FLSA.

19. An employer is not entitled to utilize a tip credit compensation plan unless it informs its tipped employees of the following in advance: (1) the amount of the cash wage that is to be paid to the respective tipped employee; (2) the amount by which the wages of the respective tipped employee are increased on account of the tip credit; (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool and; (4) that the tip credit shall not apply to any employee who does not receive the Section 201(m) notice.

20. Defendant failed to inform Plaintiff and, on information and belief, likewise failed to inform those similarly situated of the Section 203(m) four notice requirements.

21. Specifically, Defendant did not inform them of the amount of the cash wage that is to be paid to them as tipped employee.

22. Defendant also failed to inform Plaintiff and the class of the amount by which their wages will be increased on account of the tip credit.

23. Defendant likewise failed to inform Plaintiff and the class that all tips received by them must be retained by such employee except for tips contributed to a valid tip pool.

24. Moreover, Defendant failed to inform them that the tip credit shall not apply to any employee who does not receive the required notice.

25. Therefore, due to Defendant's failure to comply with 29 U.S.C. § 203(m), it is liable to Plaintiff and class members for at least $7.25 per hour for all their work performed, as well as one and one-half times their regular hourly rate of pay for all hours performed in excess of forty (40) per week, within weekly pay periods at all times material, without applying any of their tips toward such liability.

26. Defendant additionally had a common plan, policy and practice of withholding and, thereby reducing the wages of Plaintiff and class members, by deducting a certain amount of money from their pay for the cost of company food, whether such food was consumed or not by those adversely impacted -- all of which caused them to receive even far less than at least at the applicable FLSA minimum wage rate of pay as well as at least the applicable FLSA overtime compensation rate of pay for hours over forty (40) within weekly pay periods on the days they chose not to consume the food.

27. Defendant, therefore, is liable to Plaintiff and class members for such deductions within applicable weekly pay periods in which times they did not consume such company food, the cost of which was deducted from their compensation.

28. At all times material to this action, Plaintiff and similarly situated servers have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA and, worked for

Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit.

29. Plaintiff and similarly situated servers are current or former employees of Defendant.

30. At all times material to this action, Defendant has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 and, their tipped employees, including Plaintiff and class members, likewise have engaged in interstate commerce during all relevant times.

31. At all times material to this action, Defendant has been an "employer" as defined by the FLSA.

32. As a result, Plaintiff and class members are entitled to at least the applicable FLSA minimum wage rate of pay and any applicable overtime rate of pay.

33. The net effect of Defendant's aforementioned plans, policies and practices was to save payroll costs and payroll taxes. As a consequence, Defendant has violated the FLSA and, thereby enjoyed ill-gained profits at the expense of their tipped servers, including Plaintiff and similarly situated second shift servers.

34. Although at this stage Plaintiff is unable to state the exact amount owed to her and class members, she believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI.
## FLSA COLLECTIVE ALLEGATIONS

35. Plaintiff brings this action on behalf of herself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

36. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

37. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff at this time and, can only be ascertained through applicable discovery, she believes there are hundreds of individuals in the putative class.

38. The claims of Plaintiff are typical of the claims of the class. Plaintiff and other members of the class who work or have worked for Defendant's Waffle House restaurants were subjected to the same operational, compensation and timekeeping policies and practices of Defendant, without being paid fully for all their aforementioned wage claims at the applicable FLSA minimum wage and overtime compensation rates of pay.

39. As a result, such aforementioned unpaid wage claims of Plaintiff and class members are unified through common theories of Defendant's FLSA statutory violations.

40. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiff and other members of the class were expected and/or required to perform work without being paid full compensation;

- Whether Defendant failed to pay Plaintiff and the other members of the class the applicable FLSA minimum wage and overtime rates of pay for all work performed;

8

- The correct statutes of limitations for the claims of Plaintiff and other members of the class;

- Whether Plaintiff and other members of the class are entitled to damages from Defendant, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendant is liable for interest, attorneys' interest, fees, and costs to Plaintiff and the class.

41. Plaintiff will fairly and adequately protect the interests of the class as her interests are aligned with those of the other members of the class. Plaintiff has no interests adverse to the class and, she has retained competent legal counsel who are experienced in collective action litigation.

42. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

43. Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendant.

**COUNT I**
**(VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq*. --**
**FAILURE TO PAY MINIMUM WAGE**

44. Plaintiff hereby incorporates all of the preceding paragraphs.

45. At all relevant times, Plaintiff and the putative class were employees entitled to the FLSA's protections.

46. Defendant is an employer covered by the FLSA.

47. The FLSA entitles employees to minimum hourly compensation of at least $7.25 for hours worked under forty (40) in a week, *see* 29 U.S.C. § 206(b), and $10.875 for hours worked over forty (40) in a week, *see id.* at § 207(a)(1).

48. Defendant's company-wide policy and practice of requiring Plaintiff and other servers to perform work without receiving wages, such as over-claiming tips, resulted in a failure to satisfy its minimum wage obligations to Plaintiff and the putative class. As such, Defendant violated the FLSA by failing to pay Plaintiff and other servers the minimum wage.

49. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, without a good faith basis for such failure.

### COUNT II
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.* – FAILURE TO PAY OVERTIME

50. Plaintiff hereby incorporates all preceding paragraphs.

51. At all relevant times, Plaintiff and other servers were employees entitled to the FLSA's protections.

52. Defendant is an employer covered by the FLSA.

53. The FLSA entitles employees to a minimum hourly compensation of $7.25 for hours worked under forty (40) in a week, *see* 29 U.S.C. § 206(b), and $10.875 for hours worked over forty (40) in a week, *see id.* at § 207(a)(1).

54. At all relevant times, Defendant had a policy and practice of willfully refusing to pay Plaintiff and class members the legally required amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA.

55. As a result of Defendant's willful failure to compensate Plaintiff and putative class members at a rate not less than one and one-half times the regular rate of pay for work

performed in excess of forty (40) hours in a workweek, Defendant has violated and continues to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104.

56. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

57. Defendant did not have a good faith basis for its failure to pay Plaintiff and class members the applicable FLSA overtime compensation for all hours worked over forty (40) per week within weekly pay periods at all time material.

58. Due to Defendant's violations, Plaintiff and the putative class are entitled to recover from Defendant their unpaid wages for the legally required amount of overtime compensation for all the hours worked by them in excess of forty (40) in a workweek, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Whereas, Plaintiff, individually, and on behalf of herself and all other similarly situated members of the class, request this Court to grant the following relief against Defendant:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid minimum wages and overtime compensation to Plaintiff and other members of the class at the applicable and respective FLSA minimum wage and overtime rates of pay;

C. An award of liquidated damages to Plaintiff and other members of the class;

D. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and;

G. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial by jury** on all issues so triable.

Dated: February 12, 2020.          Respectfully Submitted,

*s/ George B. Ready*
George B. Ready (MS Bar #4674)
**Law Office of George B. Ready**
175 East Commerce St.
P.O. Box 127
Hernando, MS 38632
662-429-7088
*GBReady@georgegreadyatty.com*

&

Robert E. Turner, IV* (TN BPR #35364)
Robert E. Morelli, III* (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*Attorneys for the Named Plaintiff, on behalf of herself and all other similarly situated current and former employees*

*Anticipating admission Pro Hac Vice